*In re* JOHN BELL, *Petitioner*.

**No. 13,750.**   ( 76 Pac. 1129.)

Original proceeding in *habeas corpus*.   Opinion filed May 7, 1904.   Petitioner remanded.

*Rossington, Smith & Histed, J. T. Pringle*, and *R. B. Gilluly*, for petitioner.

*C. C. Coleman*, attorney-general, *Edwin A. Austin, Otis E. Hungate*, and *Thompson, Springer & Price*, for respondent.

*Per Curiam :*  This is an original proceeding in *habeas corpus*.   On the 8th day of September, 1903, the petitioner, John Bell, who had appeared as a witness before the district court of Shawnee county, pursuant to subpoena, refused to answer certain questions in a proceeding or investigation in that court concerning the existence of combinations of coal operators in violation of the "anti-trust law" (Laws of 1897, ch. 265;   Gen. Stat. 1901, §§ 7864–7874), and was adjudged guilty of contempt and

committed to the county jail of Shawnee county until he should be willing to answer the questions propounded to him, but not beyond a period of thirty days.

Petitioner charges that he is illegally restrained of his liberty by the sheriff of Shawnee county for the reason that chapter 265 of the Laws of 1897, under which this proceeding was had, is in violation of the fourteenth amendment to the federal constitution, in this, that it deprives one of liberty without due process of law; that it takes property without due process of law; and that it denies the equal protection of the law; all of which provisions are contrary to the guaranties of said constitutional amendment. It is also charged that to require petitioner to answer the questions propounded to him, his refusal so to do having resulted in his being adjudged guilty of contempt, was to deprive him of the rights, privileges and immunities guaranteed by section 10 of the bill of rights. This case arises out of the same proceeding, and involves the same questions, as *The State v. Jack,* ante, page 387, and that decision is decisive of this one.

The petitioner should have answered the questions asked him upon the inquiry, and, hence, he will be remanded.